USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 10 2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

        -v.-                :         INFORMATION

CARLOS VIZCAINO,         :         S1 05 Cr. 470 (KMK)

        Defendant.     :

- - - - - - - - - - - - - - - - - - x

## COUNT ONE

The United States Attorney charges:

1. In or about late 2004, in the Southern District of New York and elsewhere, CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, heroin, in violation of Title 21, United States Code, Sections 812, 841(a) and 841(b)(1)(C).

## OVERT ACTS

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

        a.   In or about late 2004, CARLOS VIZCAINO, the defendant, obtained approximately 50 grams of heroin in New York, New York.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The United States Attorney further charges:

4.   From in or about 2002 until in or about January 2005, in the Southern District of New York and elsewhere, CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

5.   It was a part and an object of the conspiracy that CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 5 kilograms and more of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a) and 841(b)(1)(A).

### OVERT ACTS

6.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

        a.   On or about June 17, 2004, CARLOS VIZCAINO, the defendant, and a co-conspirator not named herein as a

defendant ("CC-1"), sold cocaine to a confidential informant working for the Drug Enforcement Administration in the Bronx, New York.

(Title 21, United States Code, Section 846.)

## COUNT THREE

The United States Attorney further charges:

7. From in or about 2002 until in or about January 2005, in the Southern District of New York and elsewhere, CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

8. It was a part and an object of the conspiracy that CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 1 kilogram and more of heroin, in violation of Title 21, United States Code, Sections 812, 841(a) and 841(b)(1)(A).

OVERT ACTS

9. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

    a. On or about November 11, 2002, CARLOS VIZCAINO, the defendant, possessed heroin.

      b.   On or about November 11, 2002, CARLOS VIZCAINO, the defendant, went to a location in New York, New York to obtain heroin.

      c.   In or about 2002, CARLOS VIZCAINO, the defendant, went to a hotel in New York, New York, to obtain heroin.

(Title 21, United States Code, Section 846.)

## COUNT FOUR

The United States Attorney further charges:

10. In or about 2002, in the Southern District of New York and elsewhere, CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

11. It was a part and an object of the conspiracy that CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 1 kilogram and more of heroin, in violation of Title 21, United States Code, Sections 812, 841(a) and 841(b)(1)(A).

### OVERT ACTS

12. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

    a. In or about 2002, CARLOS VIZCAINO, the defendant, went to a location in New York, New York to obtain heroin.

    (Title 21, United States Code, Section 846.)

### COUNT FIVE

    The United States Attorney further charges:

    13. From in or about 1996 until in or about January 1998, in the Southern District of New York and elsewhere, CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

    14. It was a part and an object of the conspiracy that CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 1 kilogram and more of heroin, in violation of Title 21, United States Code, Sections 812, 841(a) and 841(b)(1)(A).

    15. It was further a part and an object of the conspiracy that CARLOS VIZCAINO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 5 kilogram and more of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)

and 841(b)(1)(A).

## OVERT ACTS

16. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

    a. In or about 1997, CARLOS VIZCAINO, the defendant, went to Queens, New York to obtain heroin.

    b. In or about 1997, CARLOS VIZCAINO, the defendant, obtained cocaine in Queens, New York for distribution in Bronx, New York.

(Title 21, United States Code, Section 846.)

## COUNT SIX

The United States Attorney further charges:

17. From in on or about 1997, up through and including in or about January 2005, in the Southern District of New York and elsewhere, CARLOS VIZCAINO, the defendant, being an alien, unlawfully, willfully, and knowingly did enter and was found in the United States, after having been deported from the United States subsequent to a conviction for the commission of an aggravated felony, to wit, a conviction on or about August 13, 1993, in the United States District Court for the Eastern District of New York, for conspiracy to distribute and possess with intent to distribute a controlled substance, without having obtained the express consent of the Attorney General of the United States to his reapplying for admission.

(Title 8, United States Code, Section 1326(a) and (b)(2).)

## FORFEITURE ALLEGATION

18. As a result of committing the controlled substance offensed alleged in Counts One through Five of this Information, CARLOS VIZCAINO, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One through Six of this Information, including but not limited to the following:

    a. A sum of money equal to $1,500,000 in United States currency, representing the amount of proceeds obtained as a result of the narcotics offense, for which the defendant is jointly and severally liable.

## SUBSTITUTE ASSET PROVISION

    b. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

  (Title 21, United States Code, Sections 841(a)(1) and 853.)

              */s/ Michael J. Garcia*
              _____
              MICHAEL J. GARCIA
              United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**CARLOS VIZCAINO,**

**Defendant.**

---

**INFORMATION**

S1 05 Cr. 470 (KMK)

(21 U.S.C. § 846;
8 U.S.C. § 1326(a) and (b)(2))


MICHAEL J. GARCIA
United States Attorney.